1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11  DECHERI HAFER,               )  Case No.: 1:20-cv-01426-NONE-JLT

12             Plaintiff,    )  ORDER DISMISSING THE COMPLAINT WITH
)  LEAVE TO AMEND

13        v.                )

14  UNKNOWN,             )

15            Defendant.   )

16  _____)

17        On September 24, 2020, the plaintiff filed in the Central District of California a document

18  titled "Ex Parte Motion to Transfer Case to U.S. District Court." (Doc. 1.) On October 6, 2020, the

19  Central District transferred the action to this Court. (Doc. 4.) On October 13, 2020, this Court issued

20  an order directing the plaintiff to file a motion to proceed *in forma pauperis* or pay the filing fee. (Doc.

21  6.) After reviewing plaintiff's application (Doc. 9), the Court granted plaintiff's motion to proceed *in*

22  *forma pauperis* on December 14, 2020. (Doc. 10). Because plaintiff fails to allege facts sufficient to

23  support her claims, the complaint is **DISMISSED** with leave to amend.

24  **I.     Screening Requirement**

25        When an individual seeks to proceed *in forma pauperis*, the Court is required to review the

26  complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or

27  fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant

28  who is immune from such relief."  28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).

A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).  In other words, a complaint is frivolous where the litigant sets "not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

## II.    Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner.  Jones v. Cmty. Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984).  The purpose of the complaint is to inform the defendant of the grounds upon which the complaint stands. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).  The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted).  Vague and conclusory allegations do not support a cause of action.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

Iqbal, 556 U.S. at 679 (citations omitted).  When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions are not entitled to the same assumption of truth.  Id.  The Court may grant leave to amend a

2

complaint to the extent deficiencies of the complaint can be cured by an amendment.  Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## III.     Section 1983 Claims

An individual may bring an action for the deprivation of civil rights pursuant to 42 U.S.C. § 1983, which states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  To state a cognizable claim under Section 1983, a plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Williams v. Gorton, 529 F.2d 668, 670 (9th Cir. 1976).

## IV.     Factual Allegations

Plaintiff alleges that she has suffered mistreatment, including alleged forced psychiatric medication, transfers to mental hospitals, denial of a fair trial, "abuse of force, to prevent [plaintiff] from speaking on the record," imprisonment for more than a year for a trespassing infraction, unlawful eviction, housing discrimination, and retaliation, among other things, and asserts that the Kern County Superior Court has no jurisdiction over "federal housing discrimination." (Doc. 1 at 2-3, 7, 9.)[1]

Plaintiff describes an alleged incident on October 1, 2013 when she was thrown to the ground, placed in handcuffs, and dragged by a Kern County Sheriff's Deputy, who arrested her for prostitution and resisting arrest. (Id. at 4-5.) Plaintiff asserts that she filed a lawsuit against the Kern County District Attorney's Office around March 10, 2014 seeking $48,000,000, and claims several former members of that office are now judicial officers on the Kern County Superior Court, which "controls the Bakersfield U.S. District Court Jury [selection], resulting in bias by "all Judges at the United State[s] Court on 19th Street Bakersfield, CA." (Id. at 5-8, 12.) Plaintiff also alleges certain people in Bakersfield have discriminated against her in evicting her from their hotels, resulting in plaintiff filing

---

[1] The Court notes that the pages in the filing were disorganized as filed, and the pages referenced are those noted on the filing by plaintiff. (See Doc. 1.)

3

a lawsuit seeking one billion dollars against them. (Id. at 8, 10-14.) Plaintiff claims that at a hearing on her civil case, the judge did not allow her to speak and ruled against her. (Id. at 15.) Plaintiff asserts she is "Illegally Denied an (O.R.) Release on (OR) misdemeanor allegations." (Id. at 16.)

**V.      Discussion and Analysis**

The filing appears to be a motion to transfer the case, rather than a complaint. (See Doc. 1.) As currently drafted, the plaintiff's filing does not contain enough factual details to permit the Court to draw the reasonable inference that any defendants are liable for the misconduct alleged. See Iqbal, 556 U.S. at 678. Plaintiff's complaint does not comply with the requirements of Rule 8(a). Moreover, plaintiff fails to identify any named defendants in the caption. The Court will grant plaintiff leave to file an amended complaint to allow plaintiff to set forth her claims and provide additional and specific factual details to the Court.

**A.      Failure to Name Defendants**

As a preliminary matter, the Court notes that plaintiff does not identify any defendants on the caption page of the filing. See Fed. R. Civ. P. 10(a) (requiring that the title page of a complaint "name all the parties"). This does not constitute a fatal defect. Silvis v. California Dept. of Corrections, No. 1:07-cv-00332-LJO-GSA PC, 2009 WL 806870, at *1 (E.D. Cal. Mar. 26, 2009) (Plaintiff's failure to name Defendant in the caption does not preclude him from pursuing a claim against Defendant "if the allegations in the body of the [complaint] make it clear he is an intended defendant") (citing Rice v. Hamilton Air Force Base Commissary, 720 F.2d 1082, 1086 (9th Cir. 1983)). However, to avoid confusion, plaintiff is directed to list the names of all defendants she intends to sue in the caption of any amended pleading she may file.

**B.      Liability of the Arresting Officers**

Plaintiff describes an alleged incident on October 1, 2013, where plaintiff alleges that she was thrown to the ground, placed in handcuffs and dragged by a Kern County Sheriff's Deputy, arresting her for prostitution and resisting arrest. (Doc. 1 at 4-5.)

The Supreme Court of the United States determined the Due Process Clause of the Fourteenth Amendment protects individuals who have not yet been convicted of a crime "from the use of excessive force that amounts to punishment." Graham v. Connor, 490 U.S. 386, 388 (1989).

However, allegations of excessive force during an arrest are analyzed under the Fourth Amendment, which prohibits arrests without probable cause or other justification. Id. ("claim[s] that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure' . . . are properly analyzed under the Fourth Amendment's 'objective reasonableness' standard"); see also Chew v. Gates, 27 F.3d 1432, 1440 (9th Cir. 1994) ("the use of force to effect an arrest is subject to the Fourth Amendment's prohibition on unreasonable seizures"). The Supreme Court explained:

> As in other Fourth Amendment contexts . . . the "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional.

Graham, 490 U.S. at 396-97 (1989) (internal citations omitted). In applying this standard, the Ninth Circuit instructs courts to consider "the totality of the circumstances and . . . whatever specific factors may be appropriate in a particular case." Bryan v. MacPherson, 630 F.3d 805, 826 (9th Cir. 2010).

In Graham, the Supreme Court set forth factors to be considered in evaluating whether a use of force was reasonable, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id., 490 U.S. at 396 (citing Tennessee v. Garner, 471 U.S. 1, 8-9 (1985)). The Court may also consider "whether officers administered a warning, assuming it was practicable." George v. Morris, 736 F.3d 829, 837-38 (9th Cir. 2013) (citing Scott v. Harris, 550 U.S. 372, 381-82 (2007)). Ultimately, the "reasonableness" of the actions "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham, 490 U.S. at 396.

Assuming all facts alleged in the filing as true, it appears the facts alleged could support a claim for excessive force against the arresting officers. See Watkins v. City of Oakland, 145 F.3d 1087, 1090-93 (9th Cir. 1998); Priester v. City of Riviera Beach, 208 F.3d 919, 927 (11th Cir. 2000). However, plaintiff's filing does not identify the arresting officers and does not include complete factual allegations related to the incident, such that the Court can determine whether there exists a

1  cognizable claim for excessive force. Plaintiff will be provided an opportunity to file an amended

2  pleading curing these deficiencies.

3  **C.    Housing Discrimination**

4  It appears plaintiff is attempting to state a claim for housing discrimination. Plaintiff alleges

5  certain people in Bakersfield have discriminated against her in evicting her from their hotels, resulting

6  in plaintiff filing a lawsuit seeking one billion dollars against them. (Doc. 1 at 8, 10-14.)

7  The Fair Housing Amendments Act ("FHAA") "extended the Fair Housing Act's protection

8  against discrimination in the sale or rental of housing to those with disabilities." Budnick v. Town of

9  Carefree, 518 F.3d 1109, 1114 (9th Cir. 2008). It is unlawful to "discriminate against any person in the

10  terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or

11  facilities in connection with such dwelling, because of a handicap." 42 U.S.C. § 3604(f)(2)(A). A

12  plaintiff can establish a discrimination claim under a theory of disparate treatment, or disparate impact,

13  or failure to make reasonable accommodations. See Budnick, 518 F.3d at 1114 (9th Cir.

14  2008); Gamble v. City of Escondido, 104 F.3d 300, 304-05 (9th Cir. 1997).

15  Disparate treatment means a disabled person is treated less favorably than a non-disabled

16  person because of the person's disability. See Budnick, 518 F.3d at 1113-14; Int'l Bhd. of Teamsters v.

17  United States, 431 U.S. 324, 335 n. 15 (1977). Disparate impact means actions that while a defendant

18  may not have intended to discriminate against a disabled person, the actions still had a discriminatory

19  effect. See Budnick, 518 F.3d at 1118; Int'l Bhd. of Teamsters, 431 U.S. at 335 n. 15.

20  Discrimination in the rental of housing includes the "refusal to make reasonable

21  accommodations in rules, policies, practices, or services, when such accommodations may be

22  necessary to afford [the disabled individual] equal opportunity to use and enjoy a dwelling." 42 U.S.C.

23  § 3604(f)(3)(B). To show discrimination based on failure to provide a reasonable accommodation, a

24  plaintiff must demonstrate that: (1) he or she suffers from a handicap as defined by the Fair Housing

25  Act; (2) the defendant knew or reasonably should have known of the plaintiff's handicap; (3)

26  accommodation of the handicap may be necessary to afford plaintiff an equal opportunity to use and

27  enjoy the dwelling; and (4) defendant refused to make such accommodation. Giebeler v. M & B

28  Associates, 343 F.3d 1143, 1147 (9th Cir.2003) (citation omitted). Whether a requested

accommodation is required "is highly fact-specific, requiring case-by-case determination." United States v. California Mobile Home Park Mgmt. Co., 29 F.3d 1413, 1418 (9th Cir. 1994).

If plaintiff is seeking a raise a claim for housing discrimination, plaintiff fails to provide enough factual details to support it. If plaintiff chooses to file an amended complaint, she shall consider the above legal standards and correct the deficiencies.

**D.      Mental Injury**

Plaintiff claims she has suffered mistreatment, including alleged forced psychiatric medication and transfers to mental hospitals. (Doc. 1 at 7, 9.) Plaintiff is advised that the Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The physical injury "need not be significant but must be more than *de minimis*." Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002)) (back and leg pain and canker sore *de minimis*); see also Pierce v. County of Orange, 526 F.3d 1190, 1211-13 (9th Cir. 2008) (bladder infections and bed sores, which pose significant pain and health risks to paraplegics such as the plaintiff, were not *de minimis*). Therefore, plaintiff may not recover for emotional distress caused unless she also shows she suffered a physical injury.

**E.      Access to the Courts**

Plaintiff appears to raise allegations of denial of a fair trial and "abuse of force, to prevent [plaintiff] from speaking on the record," seeming to suggest that unnamed defendants denied plaintiff access to the courts. (See Doc. 1 at 2-3, 7, 9.) Petitioner claims that at a hearing on her civil case, the judge did not allow her to speak and ruled against her. (Id. at 15.) This does not state a claim.

All inmates have a constitutional right to access to the courts. See Lewis v. Casey, 518 U.S. 343, 346 (1996); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009); Ching v. Lewis, 895 F.2d 608, 609 (9th Cir. 1990). However, this right is limited to challenging their criminal conviction via direct appeal, collaterally through a habeas corpus petition and to vindicate civil rights in actions brought under 42 U.S.C. § 1983. Lewis, at 353, n. 3, 354-355. This right is guaranteed only at the pleading stage and does not include the right to discover the cases or to litigate them effectively once they are filed. Id. at 354-355.

In addition to demonstrating official acts frustrating the inmate's litigation, where a prisoner asserts a backward-looking denial of access claim, he must show the loss of a "nonfrivolous" or "arguable" underlying claim. See Christopher v. Harbury, 536 U.S. 403, 413-414 (2002). The underlying claim must be set forth in the pleading claiming a denial of access to the courts "as if it were being independently pursued." Id. at 417. Finally, the plaintiff must specifically allege the "remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." Id. at 415.

To establish the first element, the inmate must show he suffered an "actual injury." Lewis, 518 U.S. at 348. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Id. The failure to demonstrate an actual injury is jurisdictional. Alvarez v. Hill, 518 F.3d 1152, 1155 (9th Cir. 2008) ("Failure to show that a 'nonfrivolous legal claim had been frustrated' is fatal").

Plaintiff fails to set forth sufficient allegations to support a claim regarding access to courts. Should the plaintiff wish to pursue such a claim, she shall consider the above legal standards.

**F.     Bias**

Plaintiff asserts that she filed a lawsuit against the Kern County District Attorney's Office around March 10, 2014 seeking $48,000,000, and claims several former members of that office are now judicial officers on the Kern County Superior Court, which "controls the Bakersfield U.S. District Court Jury [selection], resulting in bias by "all Judges at the United State[s] Court on 19th Street Bakersfield, CA." (Doc. 1 at 5-8, 12.)

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144; see also Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008), abrogated on other grounds in Simmons v. Himmelreich, 136 S. Ct. 1843 (2016). Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit. United States v. Azhocar, 581 F.2d 735, 738 (9th Cir. 1978).

A judge must disqualify himself if "his impartiality might be reasonably questioned," 28 U.S.C. § 455(a), or if "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1). However, the bias must arise "from an extrajudicial source" and cannot be based solely on information gained in the course of the proceedings. Pesnell, 543 F.3d at 1043-44 (citing Liteky v. United States, 510 U.S. 540, 114 S. Ct. 1147 (1994)).

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Id. at 1044 (quoting Liteky, 510 U.S. at 555). "In and of themselves . . . they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." Liteky, 510 U.S. at 555. Judicial bias or prejudice formed during current or prior proceedings is sufficient for recusal only when the judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id.; Pesnell, 543 F.3d at 1044. "'[E]xpressions of impatience, dissatisfaction, annoyance, and even anger' are not grounds for establishing bias or impartiality, nor are a judge's efforts at courtroom administration." Pesnell, 543 F.3d at 1044 (quoting Liteky, 510 U.S. at 555-56).

The objective test for determining whether recusal is required is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. United States v. Johnson, 610 F.3d 1138, 1147 (quotation marks and citation omitted). "Adverse findings do not equate bias." Id. at 1148.

Plaintiff has not provided any arguments that tend to show bias. Plaintiff's naked assertions that several former members of the Kern County District Attorney's Office are now judicial officers[2] are not sufficient to show bias. Accordingly, the Court will dismiss any such claims with leave to amend.

///

---

[2] Notably, none of the judges holding court at the 19th street courthouse has ever been Kern County Assistant District Attorneys.

9

## VI.    Conclusion and Order

Plaintiff has not alleged sufficient facts to support her claims. However, the Court will provide plaintiff with one opportunity to file an amended complaint that sets forth facts sufficient to support her claims. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987); see also Lopez, 203 F.3d at 1128 (dismissal of a *pro se* complaint without leave to amend for failure to state a claim is proper only where it is obvious that an opportunity to amend would be futile). The amended complaint must reference the docket number assigned to this case and must be labeled "First Amended Complaint."

Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). In addition, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Finally, plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1986) (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)). Based upon the foregoing, the Court **ORDERS**:

1.    Plaintiff's complaint is **DISMISSED** with leave to amend; and

2.    Within thirty days from the date of service of this order, plaintiff **SHALL** file a first amended complaint or a notice of voluntary dismissal of the action.

**If plaintiff fails to comply with this order to file a first amended complaint, the action may be dismissed for failure to prosecute and failure to obey the Court's order**.


IT IS SO ORDERED.

Dated:   __December 27, 2020__          _____/s/ Jennifer L. Thurston__
                                                     UNITED STATES MAGISTRATE JUDGE

10